IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH NEWKIRK,  )  <br>     Petitioner,     ) <br>                            ) <br> v.                                   ) <br>                            ) <br> DIRECTOR, DEPARTMENT OF  ) <br> CORRECTIONS,            ) <br>     Respondent.     ) | Civil Action No. 7:20cv00772 <br><br><br> By:   Michael F. Urbanski <br> Chief United States District Judge |

## MEMORANDUM OPINION

      Kenneth Newkirk, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Newkirk is currently incarcerated within the Western District of Virginia, and he names the Director of the Virginia Department of Corrections ("VDOC") as the respondent. Newkirk explains that he is in custody pursuant to a 2014 criminal judgment from the Hampton Circuit Court. ECF No. 1. His petition, however, does not challenge the validity of his underlying conviction. Instead, it challenges his current custody on the grounds that the conditions of his confinement violate his constitutional rights.

      Newkirk's petition lacks detail, to say the least. Aside from repeatedly stating that "this is a federal matter that started in the Western District court," his petition contains only two paragraphs of any substance. And those paragraphs contain no factual allegations, only legal conclusions or general statements of claims. The first states: "I have a constitutional right not to be in a prison of which I am under imminent danger of serious physical injury, cruel and unusual punishment, violation of the 8th Amendment and the U.S. Bill of Rights." <u>Id.</u> at 5. He then cites to several cases and states that on January 14, 2020, and July 16, 2020,

the United States Court of Appeals for the Fourth Circuit "determined [he] had alleged a pattern of official misconduct reflecting a likelihood of imminent serious physical injury."[1] Id.

The second paragraph simply states: "Due to the fact that I'm under imminent danger of serious physical injury, I request that the convictions be dismissed and I be immediately released from prison." Id. at 14. He claims that he fears "for [his] safety in custody of the [VDOC]" and he "no longer want[s] to deal with" the "pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

At the outset, the court notes that, although it is not a settled question in this circuit, it appears that a habeas petition under § 2254 is not the appropriate vehicle for Newkirk's challenges. The Supreme Court has explained that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . ., his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The Preiser Court expressly left open, however, an issue directly implicated here: whether challenges to the conditions of a prisoner's confinement, which clearly may be brought as civil rights actions, are also cognizable as habeas petitions. Id. at 499–500.

As to that issue, the federal circuits are split. Toure v. Hott, 458 F. Supp. 3d 387, 398 (E.D. Va. 2020) (discussing circuit split); see also Wilborn v. Mansukhani, 795 F. App'x 157, 163–64 (4th Cir. 2019) (same). The Fourth Circuit has not addressed the issue in a published

---

[1] Newkirk does not provide citations for these cases. The July 16, 2020 decision appears to be Newkirk v. Kiser, 812 F. App'x 159 (4th Cir. 2020), and the referenced January 14, 2020 decision appears to be a court order in the same case that granted Newkirk in forma pauperis status on appeal. See Newkirk v. Kiser, No. 19-7649 (4th Cir. Jan. 14, 2020).

decision. In its unpublished decision in Wilborn, however, the Fourth Circuit followed those circuits that have held that habeas is not available to challenge prison conditions. 795 F. App'x at 163–64. In doing so, it explained that its conclusion was consistent with prior unpublished Fourth Circuit decisions. Id. at 164. As an example, it cited to Rodriguez v. Ratledge, 715 F. App'x 261 (4th Cir. 2017), where the court addressed a federal prisoner's due process challenge to his transfer to a maximum security facility and stated that "courts have generally held that a § 1983 suit or a Bivens action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not." Id. at 266.

In Wilborn, the prisoner sought a transfer from a particular prison, not a release from custody as Newkirk does. But the plaintiffs in Toure sought release from imprisonment, and that court relied on Wilborn to conclude that a habeas remedy was not available. 458 F. Supp. 3d at 398; Hallinan v. Scarantino, 466 F. Supp. 3d 587, 602 (E.D.N.C. 2020) (reasoning, in addressing a motion for preliminary injunction, that habeas could not be used to challenge conditions of confinement, even though petitioners were seeking release).

After discussing some contrary authority, the Toure court reasoned that the mere fact that a prisoner requests release is not sufficient to allow him to utilize the habeas remedy.[2] Instead, he also must challenge "the fact, duration, or validity of confinement, in conjunction with [that] request." 458 F. Supp. 3d at 400. To find habeas jurisdiction in a circumstance where a prisoner asks to be released but challenges only the conditions of his confinement would undermine the writ's rationale because "a foundational requirement—that the

---

[2] The Toure court further explained that the potential remedy for unconstitutional conditions might include injunctive relief, such as a curing of the conditions to eliminate the constitutional violation, but it likely would not include release. Id. at 401–02.

3

complained of custody be unlawful—would be eliminated." Id. at 401 (citing Preiser, 411 U.S. at 486); see also Hallinan, 466 F. Supp. 3d at 602 ("[R]ead in context and in light of subsequent precedent, [Preiser's] phrase 'fact of physical imprisonment' refers to a challenge to the legality vel non of the petitioner's conviction or sentence.").

With regard to Newkirk's case in particular—which lacks any factual allegations—the court sees no reason to deviate from the Fourth Circuit's decisions in Rodriguez and Wilborn, and so reaches the same conclusion as the Toure and Hallinan courts. Accordingly, the court concludes that habeas is not an available remedy for Newkirk's challenges to the conditions of his confinement.[3] As a habeas petition, then, it must be dismissed without prejudice.

Moreover, the court declines to recharacterize Newkirk's petition as a § 1983 action because, so construed, it would be subject to dismissal for several reasons.[4] First of all, because Newkirk has had at least three previous actions or appeals dismissed as frivolous or for failure to state a claim, he is subject to the restrictions set forth in 28 U.S.C. § 1915(g). Newkirk v. Kiser, 812 F. App'x 159, 159 (4th Cir. 2020), petition for cert. filed, No. 20-6026 (U.S. Oct. 15, 2020) (noting that Newkirk is subject to the restriction). Specifically, he is prohibited from proceeding without prepayment of the full filing fee unless he is able to adequately allege that he is in imminent danger of serious physical injury. Id.

---

[3] Furthermore, a federal court may not grant a § 2254 habeas petition unless the petitioner first exhausted the remedies available in the courts of the state in which he was convicted. 28 U.S.C. § 2254(b); Preiser, 411 U.S. at 477. The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Even if it were a proper habeas petition, Newkirk's petition clearly alleges that he has not raised these claims before a Virginia state court.

[4] The court also notes that Newkirk currently has a § 1983 case pending before another judge of this court. *Newkirk v. Kiser*, No. 7:19-cv-00648 (W.D. Va.).

4

Newkirk's petition, however, fails to allege any facts sufficient to satisfy that requirement. Merely reciting the words "imminent danger of serious physical injury" is insufficient. Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g) . . . ."); Shepherd v. Annucci, 921 F.3d 89, 97 (2d Cir. 2019) (affirming district court's conclusion that imminent danger claim was "without foundation" when the prisoner's explanation was "both circular and completely conclusory"). Newkirk's burden is likewise not satisfied by the mere fact that months ago, in a different case, the Fourth Circuit found that he had sufficiently stated allegations of imminent physical danger.

Furthermore, Newkirk alleges no facts at all in support of any claim, and thus fails to state a claim for which relief can be granted. See Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (explaining that when determining whether a pleading adequately alleges a claim, a court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments") (citation omitted). Lastly, Newkirk fails to name any individual person who had personal involvement in depriving him of any constitutional right, as required to state a claim under § 1983. See Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017). Instead, he simply names the Director of VDOC as a respondent, but he fails to identify any actions by him personally, so as to state a valid claim.[5]

---

[5] Newkirk's petition fails to allege facts sufficient to establish the Director's liability under a supervisory liability theory, either. See Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (setting forth requirements of such a claim).

For all of these reasons, Newkirk's petition, if construed as a § 1983 claim, would be subject to dismissal, and the court declines to so construe it.

## CONCLUSION

For the foregoing reasons, Newkirk fails to state a claim sounding in habeas, and so his petition will be dismissed without prejudice. The court declines to construe his claim as a civil rights action asserting claims under 42 U.S.C. § 1983 because his claims are subject to dismissal. If Newkirk believes he can remedy the identified deficiencies, he may file a separate civil complaint.

It is so **ORDERED**.

An appropriate order will be entered.

Entered: January 4, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.01.04 13:16:16 -05'00'

Michael F. Urbanski
Chief United States District Judge